UNITED STATES DISTRICT COURT

DISTRICT OF MARYLAND

———————————————————— x
:
IN RE MICROSOFT CORP.        :
ANTITRUST LITIGATION         :
                             :    MDL No. 1332
This Document Relates To:    :    Hon. J. Frederick Motz
                             :
*Joey Bruce* v. *Microsoft Corp.*  :
                             :
Civil Action No. 1:02cv03739 :
                             :
———————————————————— x

**MICROSOFT'S MEMORANDUM IN OPPOSITION TO MOTION TO REMAND**

SULLIVAN & CROMWELL LLP
David B. Tulchin
Joseph E. Neuhaus
125 Broad Street
New York, New York 10004
(212) 558-4000

*Attorneys for Microsoft Corporation*

April 17, 2003

## TABLE OF CONTENTS

Page

BACKGROUND ........................................................................................................................... 2

ARGUMENT ................................................................................................................................. 4

      I.   The Amount in Controversy Exceeds $75,000 ..................................................... 4

CONCLUSION .............................................................................................................................. 9

# TABLE OF AUTHORITIES

## Cases

Page(s)

*Aetna Cas. & Sur. Co.* v. *Steele*, 373 So. 2d 797 (Miss. 1979)..........................................5

*Andrew Jackson Life Ins. Co.* v. *Williams*, 566 So. 2d 1172 (Miss. 1990).........................5

*Asociacion Nacional de Pescadores* v. *Dow Quimica de Colombia S.A.*,
   988 F.2d 559 (5th Cir. 1993)..............................................................................7

*Bankers Life & Cas. Co.* v. *Crenshaw*, 483 So. 2d 254 (Miss. 1985) ................................3

*BEM I, L.L.C.* v. *Anthropologie, Inc.*, 301 F.3d 548 (7th Cir. 2002)...................................6

*Dash* v. *FirstPlus Home Loan Trust*, No. 01-00923,
   2003 U.S. Dist. LEXIS 3706 (M.D.N.C. March 6, 2003) ..........................................3, 6

*De Aguilar* v. *Boeing Co.*, 47 F.3d 1404 (5th Cir. 1995)..................................1, 3, 4, 7, 8

*Employers Mut. Cas. Co.* v. *Tomkins*, 490 So. 2d 897 (Miss. 1986)................................2, 3

*Foret* v. *Southern Farm Bureau Life Ins. Co.*, 918 F.2d 534 (5th Cir. 1991)......................5

*H&D Tire & Automotive-Hardware Inc.* v. *Pitney Bowes Inc.*,
   250 F.3d 302 (5th Cir. 2001)................................................................................8

*Hutchens* v. *Progressive Paloverde Ins. Co.*, 211 F. Supp. 2d 788
   (S.D. W. Va. 2002)..............................................................................................4

*In re Microsoft Corp. Antitrust Litig.*, 127 F. Supp. 2d 702 (D. Md. 2001) ........................6

*In re Shell Oil Co.*, 970 F.2d 355 (7th Cir. 1992) ........................................................3, 7, 8

*Indep. Life & Acc. Ins. Co.* v. *Peavy*, 528 So. 2d 1112 (Miss. 1988) ...............................2

*MIC Life Ins. Co.* v. *Hicks*, 825 So. 2d 616 (Miss. 2002)....................................................2

*Nat'l Life & Acc. Ins. Co.* v. *Miller*, 484 So. 2d 329 (Miss. 1985)......................................3

*Paracelsus Health Care Corp.* v. *Willard*, 754 So. 2d 437 (Miss. 1999)............................3

*Rogers* v. *Wal-Mart Stores, Inc.*, 230 F.3d 868 (6th Cir. 2000) ................................3, 4, 6, 7

*St. Paul Mercury Indem. Co.* v. *Red Cab Co.*, 303 U.S. 283 (1938) .................................. 6

*St. Paul Reinsurance Co.* v. *Greenberg*, 134 F.3d 1250 (5th Cir. 1998) ................. 1, 3, 6, 8

*Smith* v. *Assocs. Capital Bank*, No. 1:99cv301,
    1999 U.S. Dist. LEXIS 19633 (N.D. Miss. Dec. 3, 1999) ......................................... 4, 5

*State Farm Mut. Auto. Ins. Co.* v. *Grimes*, 722 So. 2d 637 (Miss. 1998) ........................... 2

*Workman* v. *United Parcel Serv.*, 234 F.3d 998 (7th Cir. 2000) ......................................... 6

### Statutes and Rules

Miss. Code § 11-1-65 ............................................................................................................ 5

Miss. R. Civ. P. 15 ................................................................................................................ 3

### Other Authorities

*Davenport* v. *St. Paul Fire & Marine Ins. Co.*,
    1991 WL 447519 (LRP Jury 1991) ............................................................................... 2

*Hood & Hico Inc.* v. *St. Paul Fire & Marine Inc. Co.*,
    2001 WL 34030836 (ALM Nat. 2001) ......................................................................... 2

UNITED STATES DISTRICT COURT

DISTRICT OF MARYLAND

---------------------------------------------------------x
:
IN RE MICROSOFT CORP.                     :
ANTITRUST LITIGATION                      :
                                          :         MDL No. 1332
This Document Relates To:                 :         Hon. J. Frederick Motz
                                          :
*Joey Bruce* v. *Microsoft Corp.*         :
                                          :
Civil Action No. 1:02cv03739              :
                                          :
---------------------------------------------------------x

## MICROSOFT'S MEMORANDUM IN OPPOSITION TO MOTION TO REMAND

This case was filed originally in state court in Mississippi, and removed to federal court on diversity grounds. Plaintiff's argument in support of remand is that the $75,000 minimum amount in controversy under 28 U.S.C. § 1332 is not here satisfied.

In 1995, the United States Court of Appeals for the Fifth Circuit instructed plaintiffs who wished to avoid federal diversity jurisdiction in cases like this to file binding affidavits with their pleadings limiting their damage claims to an amount below the jurisdictional threshold. *De Aguilar* v. *Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995). This rule, reconfirmed in *St. Paul Reinsurance Co.* v. *Greenberg*, 134 F.3d 1250, 1254 n.18 (5th Cir. 1998), was based on experience with plaintiffs who sought to evade federal jurisdiction. 47 F.3d at 1410.

Plaintiff here failed to file the binding commitment required by the Fifth Circuit. Thus, although the complaint purported to limit the claims to just under $75,000, plaintiff declined to commit to that limitation in a binding affidavit. Under governing law, because plaintiff's claim for punitives pushed the amount in controversy above $75,000, the case was

thus properly removable, and post-removal affidavits or stipulations cannot deprive this court of jurisdiction.

## BACKGROUND

In cases such as this one, brought on behalf of an individual plaintiff, Mississippi juries have awarded hundreds of thousands and even millions of dollars in punitive damages against out-of-state corporations, even when the actual damages were a small fraction of that amount. For example, a Mississippi jury recently awarded $75 million in punitive damages against an insurance company for allegedly breaching a contract with a local insurance agent, where the value of the local agent's entire business was only $1.3 million. *Hood & Hico Inc.* v. *St. Paul Fire & Marine Ins. Co.*, 2001 WL 34030836 (ALM Nat. 2001). In another case, a Mississippi jury awarded $15 million to a nurse who claimed his insurance company had a monopoly in the market for malpractice insurance and acted in bad faith by refusing to insure him. *Davenport* v. *St. Paul Fire & Marine Ins. Co.*, 1991 WL 447519 (LRP Jury 1991).

While some verdicts are reduced or reversed on appeal -- such as a recent verdict awarding $36 million on the basis of a $639.99 clerical error, *MIC Life Ins. Co.* v. *Hicks*, 825 So. 2d 616 (Miss. 2002) -- very substantial awards remain. *See, e.g., State Farm Mut. Auto. Ins. Co.* v. *Grimes*, 722 So. 2d 637, 639-44 (Miss. 1998) (affirming punitive damages award of $1.25 million on actual damages of $1,900 for wrongful denial of insurance); *Indep. Life & Acc. Ins. Co.* v. *Peavy*, 528 So. 2d 1112 (Miss. 1988) (same: punitives of $250,000, compensatory of $412); *see Employers Mut. Cas. Co.* v. *Tomkins*, 490 So. 2d 897,

910 (Miss. 1986) (Hawkins J. dissenting) (criticizing the "meager role" the Mississippi Supreme Court "has assigned itself to play" in reviewing punitive damage awards).[1]

By rule in Mississippi, a plaintiff is permitted to amend his or her complaint, even after trial, to conform to the evidence or the amount later awarded. Miss. R. Civ. P. 15. Thus, an allegation in a Mississippi state-court complaint purporting to limit recovery to less than the federal jurisdictional minimum does not restrict the actual amount a plaintiff may recover.

The Fifth Circuit Court of Appeals has recognized that these rules "have created the potential for abusive manipulation by plaintiffs, who may plead for damages below the jurisdictional amount in state court with the knowledge that the claim is actually worth more, but also with the knowledge that they may be able to evade federal jurisdiction by virtue of the pleading." *De Aguilar*, 47 F.3d at 1410. Thus, in 1995, the Fifth Circuit made clear that in states in the Fifth Circuit like Mississippi, "'[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints; once a defendant has removed the case, . . . later filings [are] irrelevant.'" 47 F.3d at 1412 (citation omitted). *Accord St. Paul Reinsurance*, 134 F.3d at 1254 (citing *De Aguilar*).[2]

---

[1] See also *Paracelsus Health Care Corp. v. Willard*, 754 So. 2d 437, 442 (Miss. 1999) (upholding award of $1.5 million for retaliatory discharge where actual damages amounted to $10,000); *Tomkins*, 490 So. 2d. at 902, 907-10 (reducing actual damages to $500 yet upholding $400,000 punitive damage award); *Nat'l Life & Acc. Ins. Co. v. Miller*, 484 So. 2d 329, 337 (Miss. 1985) (upholding punitive damage award of $350,000 and actual damages of $2,500); *Bankers Life & Cas. Co v. Crenshaw*, 483 So. 2d 254, 260 (Miss. 1985) (upholding verdict of $20,000 actual and $1.6 million punitive), *aff'd*, 486 U.S. 71 (1988).

[2] The same rule has been adopted elsewhere. *E.g.*, *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 872-73 (6th Cir. 2000); *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992); *Dash v. FirstPlus Home Loan Trust*, No. 01-00923, 2003 U.S. Dist. LEXIS 3706, at *14-17 (M.D.N.C. March 6, 2003).

**ARGUMENT**

I.   **The Amount in Controversy Exceeds $75,000.**

A defendant may remove an action if, "as of the time of removal," the action is one of which federal courts have original jurisdiction. *Rogers*, 230 F.3d at 872. In order to meet this test, a removing defendant bears the initial burden of showing that the amount in controversy exceeds $75,000. *De Aguilar*, 47 F.3d at 1411. Contrary to plaintiff's argument (Pl's Remand Mem. at 9), the defendant need not be a "[m]indreader" to make this showing. Rather, a court makes a common sense evaluation of whether the facts alleged in the complaint assert a claim for more than $75,000. Where a complaint seeks punitive damages, courts properly consider the amount of punitive damages awarded in other similar cases. *See, e.g., Smith* v. *Assocs. Capital Bank*, 1999 U.S. Dist. LEXIS 19633, at *16-17 (N.D. Miss. Dec. 3, 1999) (upholding removal in view of history of high punitive-damage awards in Mississippi); *Hutchens* v. *Progressive Paloverde Ins. Co.*, 211 F. Supp. 2d 788, 791 (S.D. W. Va. 2002) (upholding removal from state court that had "upheld punitive damage awards substantially in excess of compensatory damages recovered").

Mississippi juries have in recent years awarded punitive damages against out-of-state defendants vastly in excess of $75,000, even in cases alleging only economic harm and where compensatory damages are measured in the hundreds of dollars. *See* pages 2-3 *supra*. In assessing punitive damages, a primary factor that juries in Mississippi are instructed to

consider is the defendant's "pecuniary ability and financial worth."[3] Microsoft is a large, national corporation that is instantly recognizable as such to potential jurors. Plaintiff alleges that Microsoft is "the world's largest supplier of computer software" and "had revenues of approximately $25.3 billion" in 2001. (Second Am. Compl. ¶ 1). In short, this case is one where "'[a] court, in applying only common sense, would find that if the plaintiff[] [was] successful in [his] punitive damages claim, [he] would collect more than'" $75,000. *Smith*, 1999 U.S. Dist. LEXIS 19633, at *14 (quoting *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995)).[4]

Plaintiff sought to avoid federal court by including in his pleading a non-binding recitation that the damages sought were "in no event to exceed the sum of $70,000." (Second Am. Compl. Prayer & ¶ 1.)[5] In states like Mississippi in which such pleadings are

---

[3] Mississippi's statute providing for the imposition of punitive damages lists "the defendant's financial condition and net worth" as the first of five factors that juries should be instructed to consider when assessing punitive damages. Miss. Code § 11-1-65(1)(e). *See also Andrew Jackson Life Ins. Co. v. Williams*, 566 So. 2d 1172, 1191 (Miss. 1990) (affirming punitive-damages award constituting more than 5% of defendant's net worth).

[4] Microsoft of course believes that punitive damages are not available and should not be awarded here. Indeed, in virtually identical cases also removed from Mississippi state court, Microsoft has moved to dismiss the punitive damages claims (as well as, on other grounds, the remaining claims) (*see, e.g., Addington v. Microsoft Corp.*, No. 1:03cv747). There is no inconsistency between that position and the argument made here, because the question here is the amount in controversy if the complaint is successful. The complaint seeks punitive damages.

[5] Even the nonbinding disclaimer in plaintiff's complaint was incomplete, because it did not disclaim a request for attorney fees. Under Mississippi law, a court may award attorney fees in cases in which punitive damages are awarded. *Aetna Cas. & Sur. Co. v. Steele*, 373 So. 2d 797, 801 (Miss. 1979). Thus, even if plaintiff's damages were capped at $70,000, an award of only $5,001 in attorney fees would exceed the amount-in-controversy requirements. *See Foret v. Southern Farm Bureau Life Ins. Co.*, 918 F.2d 534, 537 (5th Cir. 1991) (including attorney fees in the amount in controversy).

not binding, such a statement has "no effect on the actual stakes in the case" for purposes of removal. *BEM I, L.L.C.* v. *Anthropologie, Inc.*, 301 F.3d 548, 552 (7th Cir. 2002) (construing similar Illinois procedural rule); *see St. Paul Reinsurance*, 134 F.3d at 1254 n.18 (limitation in prayer is disregarded where plaintiff does not file a binding stipulation with the complaint); *Rogers*, 230 F.3d at 871 (amount in controversy decided without reference to ad damnum clause in states where plaintiff can "claim in her complaint an amount lower than the federal amount in controversy but nevertheless seek and recover damages exceeding the amount prayed for"); *Dash*, No. 01-00923, 2003 U.S. Dist. LEXIS 3706, at *14-15 ("pleading below the jurisdictional minimum may be ignored . . . [where] state procedural rules . . . do not limit damage awards to the plaintiff's original prayer for relief").

Indeed, plaintiff's failure to submit with the complaint a binding affidavit limiting any recovery, as instructed by the Fifth Circuit, further demonstrates plaintiff's true claims. As the Seventh Circuit Court of Appeals has noted, "[i]f [plaintiff] doesn't make" a stipulation limiting potential recovery "at the time the suit is filed," an "inference arises that he thinks his claim may be worth more." *Workman* v. *United Parcel Serv.*, 234 F.3d 998, 1000 (7th Cir. 2000). This inference is even stronger here, where plaintiff's complaint shows a keen awareness of the possibility of removal. (Second Am. Compl. ¶ 102.)[6]

Plaintiff's reliance on post-removal affidavits is unavailing. It is well-established that "events occurring subsequent to removal which reduce the amount recoverable . . . do not oust the district court's jurisdiction once it has attached." *St. Paul Mercury Indem. Co.*

---

[6] Plaintiff cites this Court's decision remanding the *Guice* action to Mississippi state court. (Pl's Remand Mem. at 1-2.) As plaintiff acknowledges, that decision involved whether punitive damages under Mississippi law "fall[] within the common fund exception to *Zahn* and *Snyder*," *In re Microsoft Corp. Antitrust Litig.*, 127 F. Supp. 2d 702, 721 (D. Md. 2001), a question that is not at issue here.

v. *Red Cab Co.*, 303 U.S. 283, 293 (1938). Accordingly, most courts refuse to consider any submissions by plaintiffs after removal that seek to limit their claims so as to defeat federal jurisdiction. *See, e.g., Rogers*, 230 F.3d at 872 (holding that post-removal stipulations "do[] not require remand to state court" because "events occurring after removal . . . do not oust jurisdiction"); *In re Shell Oil*, 970 F.2d at 356 ("[b]ecause jurisdiction is determined as of the instant of removal, a post-removal affidavit or stipulation is no more effective than a post-removal amendment of the complaint").

The Fifth Circuit has created a narrow exception to this rule to allow post-removal affidavits to clarify a pre-removal submission, *Asociacion Nacional de Pescadores* v. *Dow Quimica de Colombia S.A.*, 988 F.2d 559 (5th Cir. 1993), but that exception does not apply here. *Asociacion Nacional de Pescadores* concerned whether the real-world damages described in the complaint exceeded the jurisdictional amount, not whether the plaintiff had adequately foresworn a recovery that might otherwise be available to them. The court first found that the injuries in that case -- skin rashes and loss of income to fishermen in Colombia -- "are not ones that are facially likely to be over the jurisdictional amount." 988 F.2d at 565. Because the court could not say that the damages were "*necessarily* outside of the range that could confer federal jurisdiction," however, the court considered an affidavit from a Colombian attorney on the amount of damages suffered by the individual plaintiffs. *Id.* at 565 (emphasis in original).

The Fifth Circuit has not extended this exception to permit a plaintiff to change a nonbinding disavowal of damages into a binding one after removal. Indeed, in *De Aguilar*, as here, the complaint included a statement that the damages claimed did not exceed the jurisdictional amount. 47 F.3d at 1407. The court affirmed the denial of a motion to remand. It refused to consider a post-removal affidavit, calling such filings "'irrelevant'" to

- 7 -

removal jurisdiction. 47 F.3d at 1412 (quoting *In re Shell*, 970 F.2d at 356). Expressly distinguishing *Asociacion Nacional de Pescadores, see* 47 F.3d at 1408 n.4, the Court held that plaintiff must demonstrate a "commitment to recovery below the federal threshold" *prior* to removal:

> *The general principle is that plaintiffs will have to show that they are bound irrevocably by their state pleadings in these situations.* Certainly, plaintiffs who plead for specific damages and who are in states that have procedural rules binding them to their pleadings will satisfy their burden more easily. Others will have the same opportunity to avoid federal court but will have to choose another method to show their *commitment to recovery below the federal threshold.*

47 F.3d at 1412 n.10 (emphasis added). The court reaffirmed this rule three years later. *St. Paul Reinsurance*, 134 F.3d at 1254 n.18.

*H&D Tire & Automotive-Hardware Inc.* v. *Pitney Bowes Inc.*, 250 F.3d 302 (5th Cir. 2001), also relied upon by plaintiffs, is not to the contrary. There, the post-removal affidavit at issue did not turn a non-binding submission into a binding one; it merely restated an already binding stipulation made before removal. *Id.* at 305 n.7 (post-removal affidavit "paralleled plaintiffs' *judicially binding* responses to interrogatories and requests for admission in state court") (emphasis added).

The affidavits here, by contrast, do not purport to clarify either the amount of damages the plaintiff has allegedly suffered or a binding pre-removal stipulation. Rather, those affidavits seek to make binding a limitation on plaintiff's recovery. But, as *De Aguilar* and *St. Paul Reinsurance* make clear, the whole point of requiring submission of binding affidavits is that the plaintiff must make a *commitment* to the lower recovery *prior* to removal.

## CONCLUSION

The Court should deny plaintiff's motion to remand.

Dated: April 17, 2003

Respectfully submitted,

By: /s/ David B. Tulchin
David B. Tulchin
Joseph E. Neuhaus
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

*Attorneys for Microsoft Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2003, I caused a copy of Microsoft's Memorandum in Opposition to Microsoft's Memorandum In Opposition To Motion To Remand to be served upon the following by United States mail, first class, postage prepaid:

        Stanley M. Chesley
        WAITE, SCHNEIDER, BAYLESS & CHESLEY, L.P.A.
        1513 Fourth & Vine Tower
        One West Fourth Street
        Cincinnati, OH 45202

        Michael D. Hausfeld
        COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.
        1100 New York Avenue, N.W.
        West Tower, Suite 500
        Washington, DC 20005

        Brent Hazzard, Esq.
        HAZZARD LAW
        P O Box 24382
        Jackson, MS 39225

        Christopher W. Cofer, Esq.
        COFER & ASSOCIATES PA
        2506 Lakeland Drive
        Suite 600
        Jackson, MS 39208

_____
Jeffrey D. Herschman